**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Adgardo RAMIREZ, Defendant–**
**Appellant.**

No. 00–30316.

D.C. No. CR–00–00014–F–JKS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2001.

Decided June 12, 2001.

Before FARRIS, TROTT, and BERZON, Circuit Judges.

## MEMORANDUM *

Adgardo Ramirez appeals his conviction for possession with intent to distribute approximately one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1). Ramirez entered into a conditional guilty plea, reserving his right to challenge the district court's denial of his motion to suppress evidence obtained by Drug Enforcement Agency agents when he was stopped in a motel parking lot. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Ramirez first contends that his encounter with the authorities at the Klondike Motel in conjunction with an earlier encounter at the airport was a seizure without reasonable suspicion in violation of the Fourth Amendment. This contention lacks merit.

Whether an encounter between an individual and law enforcement authorities constitutes an investigatory stop is a mixed question of law and fact subject to de novo review. *United States v. Kim,* 25 F.3d 1426, 1430 (9th Cir.1994). The district court's underlying factual determinations are reviewed for clear error. *United States v. Cormier,* 220 F.3d 1103, 1110 (9th Cir.2000), *cert. denied,* — U.S. ——, 121 S.Ct. 1146, 148 L.Ed.2d 1009 (2001).

Several factors support the district court's conclusion that the encounter at

the Klondike was entirely consensual. First, both of the officers who stopped Ramirez at the Klondike Motel were dressed in plain clothes and did not display their weapons at any time during the confrontation, negating a show of physical force or official authority. *See id.* Second, the district court concluded that the officers were not belligerent or threatening. *See id.* Third, the encounter at the Klondike was brief and involved different officers from the encounter at the airport. Fourth, the record does not contain any evidence that Ramirez was unlawfully in this country or had any immigration concerns. *Cf. INS v. Delgado,* 466 U.S. 210, 220–21, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984). Finally, there was no evidence presented to indicate that the officers' conduct would have communicated to a reasonable person that he or she was not "at liberty to ignore the police presence and go about his business." *Florida v. Bostick,* 501 U.S. 429, 437, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (quoting *Michigan v. Chesternut,* 486 U.S. 567, 569, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988)).

Ramirez's objections that English is not his first language and that he was unfamiliar with police procedure in this country are unpersuasive. The district court concluded that there was no evidence presented at the suppression hearing to indicate that Ramirez was not comfortable with English, or unfamiliar with police procedure. All discourse between Ramirez and the officers was conducted in English, and Ramirez volunteered his hands as if to be handcuffed once the cocaine had been discovered. The district court did not clearly err by finding that Ramirez's objections were not supported by the evidence. *See Cormier,* 220 F.3d at 1110.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

In light of the totality of the circumstances, the encounter and questioning of Ramirez did not arise to the level of a seizure. *See Bostick,* 501 U.S. at 434–35, 111 S.Ct. 2382. Ramirez's encounters with the authorities did not implicate the Fourth Amendment. The officers did not need reasonable suspicion to question Ramirez at the Klondike Motel. *See id.; Florida v. Royer,* 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983).

Ramirez also asserts that the search of his person at the Klondike was merely acquiescence to a showing of authority and thus involuntary. A district court's finding that consent to search was voluntarily given is a question of fact reviewed for clear error and viewed in the light most favorable to that decision. *Cormier,* 220 F.3d at 1112.

The district court properly considered the totality of the circumstances, *see Kim,* 25 F.3d at 1432, and concluded that this "was simply a voluntary encounter between a police officer and a consensual search." *See also Cormier,* 220 F.3d at 1112 (outlining five factors a court should consider when determining whether defendant consented). We do not ignore the fact that the officers did not re-advise Ramirez at the Klondike Motel that he could refuse to consent to the search. That single factor is not controlling. *See Kim,* 25 F.3d at 1432. The district court's decision was not clearly erroneous.

AFFIRMED.